IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **STANLEY DERRICK RAGIN, III,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV 24-341-RAW-JAR |
| ) | |
| **MAYES COUNTY COURTS,** ) | |
| ) | |
| Respondent. ) | |

## **OPINION AND ORDER**

This matter is before the Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1). Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma. He is challenging his conviction in Mayes County District Court Case No. CF-2019-009 for Lewd Molestation.

The Court has carefully reviewed the petition and finds that a section 2241 petition is not appropriate for Petitioner's claims. He has raised the following four grounds for relief:

(1)   Prosecution's probable cause is false by way of false information from a mentally ill or disturbed accuser. Want for investigation. Prosecution is liable for economic harm; abuse of process; false imprisonment, obstructing the course of justice; and perverting the course of justice.

(2)   Ineffective assistance of counsel.

(3)   Racial trauma exploited to coerce and intimidate Petitioner into signing plea deal under duress.

(4)   Material witness Toniyah Hopson (possibly left off the record due to the state's "Rule of Sequestration" motion) corroborates the petitioner's testimony.

(Case No. CIV 24-341-RAW-JAR, Dkt. 1 at 6-7).

A section 2241 petition attacks the execution of a sentence rather than its validity. *Haugh v.*

*Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). Because Petitioner is challenging the validity of his conviction, his claims must be presented in a habeas corpus petition pursuant to 28 U.S.C. § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Plaintiff already has raised his habeas claims in a section 2254 petition in this Court's Case No. CIV 24-344-RAW-JAR. The Court, therefore, finds this section 2241 petition must be dismissed.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) is DENIED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 21st day of October 2024.

Ronald A. White
United States District Judge
Eastern District of Oklahoma